Thank you, Your Honors. May it please the Court, good morning. My name is Myrna Alvarez, and I represent the petitioner Francisco Prado-Lopez. I would like to reserve two minutes of my time for rebuttal. The first issue I would like to address is the 212C denial. The Board did not follow its own precedent under Matter of Edwards and Matter of Marin. The Board failed to do its job in weighing all of the factors under Matter of Marin and Matter of Edwards by failing to consider a very, very important factor, which was rehabilitation, the key factor for the immigration judge in tipping the scales in the petitioner's favor. The BIA rendered a decision without even mentioning the word rehabilitation. The reason that this case is important is because a person has a right to have a full and fair hearing before a factfinder. Here, the BIA took the case to NOVO and went through all of the factors, so they say in their decision, but rendered a decision that did leave a very important factor out. This all occurred at the clearly discretionary stage, right? In other words, he was assumed to be eligible for this relief, and this was a question of the exercise of discretion, is that right? That is correct, Your Honor. He was eligible for 212C. That wasn't an issue raised by either party. The issue was discretion. However, the case is properly before this Court because the BIA did not actually exercise discretion because it failed to consider all of the facts that it has laid out in its precedent. Doing so violates due process. I'd like to quote from the judge's preamble prior to making his oral decision, and he states that it's on page 294 of the record. I've looked at this case through a very jaundiced eye to see if there was anything in this case that indicated that the Respondent would be a recidivist. This was a 212C case. But as I've gone through the record, heard the testimony of the Respondent, heard and read the declarations of the witnesses, I have become convinced and I reflected that in my decision regarding advanced permission to return to the unrelinquished domicile, that this is the case. This is the proper case for the favorable exercise of discretion. And he says clearly that what tipped the scales for him was the fact that the Court actually believed that this Respondent had been rehabilitated and would not engage in this type of conduct again, and that was at page 295 of the record. In his oral decision, the judge also reemphasizes that rehabilitation was the reason that he granted the 212C relief. The record is replete with all types of accolades from various persons who have known Mr. Prado for a long period of time. For example, the therapist who treated Mr. Prado for several years wrote a very supportive letter where he wrote, this is in 635 of the record, It is unusual for offenders to continue treatment when off probation. And I assess this as one of the many indicators of this individual's high motivation to take responsibility for his offense. He then states, of the nearly 600 offenders that I have assessed and or treated, he is one of less than five to have voluntarily complete treatment. And he then states, based on the nature of the offense he committed and the quality of the work he did in treatment, I feel comfortable in saying his risk of reoffense is extremely low. So, you know, is it your position that the BIA violated his due process right by not specifically mentioning all the evidence? Not that they have to specifically mention all the evidence. But they have to consider everything. But how could they, with the tremendous volume of information which came in, it's practically impossible for them to regurgitate all of the evidence, isn't it? Well, Your Honor, I don't think that the law requires them to regurgitate all the evidence. But there's a very important case on point that came out about six months ago, and that's Zhengvi Holder. And in that case, the Ninth Circuit clearly stated that the BIA must follow its own precedent, that they must rely on the factors that are laid out by matter of Marin. And that's the same case here. In that case, the Petitioner had submitted lots of letters of support and lots of ‑‑ there was lots of testimony with regard to his value to the community. Because value to the community, those words were not used in the BIA's decision, the Ninth Circuit remanded the case to the BIA. But what evidence is here in this case that the BIA didn't consider rehabilitation, all of the evidence, when it made its determination on rehabilitation? In its decision, in the BIA's decision, the decision does lay out several factors that it considered, and it did find unusual and outstanding equities, but it did not even mention the word rehabilitation. And rehabilitation was absolutely key in this case because of the ‑‑ because that's what made it so that the judge, that's what convinced the judge that he merited 212C relief. At the very least, the BIA should have mentioned rehabilitation in its decision. But we can't look at that. It clearly says on page 3 of the record, upon review of the record, we disagree with the immigration judge. While the Respondent showed unusual and outstanding equities, the negative factors in this case clearly outweigh the equities shown. And that's not appealable. Your Honor, however, there's a presumption that the BIA looked at all the evidence. But the fact that they even made a mistake as to the facts of the case, at I believe page 3 of the record, they indicate that Mr. Prado's residency here in the United States is diminished by his ‑‑ the time he spent in prison is completely inaccurate. He did not go to prison. So that leads one to believe that they did not make a careful analysis of the facts in the case. Well, it is the passage that we further note the equity of the Respondent's length of time in the United States is diminished by the length of time he spent committing criminal acts. Is that ‑‑ I mean, you don't disagree with that. But I don't think that that's ‑‑ I'm not saying that we need to analyze the facts of the case and their findings. We're not ‑‑ I'm not saying that the findings are inaccurate. What we're saying is that they need to make the findings accurately. They need to assess all of the evidence. They have to look at all of the factors prior to rendering a decision, whether it's good or bad. They have to do their job, and they failed to do so in this case. Well, can you say that in this case where they must have looked at rehabilitation because they reversed the I.J. on that very point? I respectfully disagree, Your Honor. They did not reverse the judge on rehabilitation. They reversed the judge because they thought that the crime outweighed the equities. Well, the equities were rehabilitation and the efforts he made in the community. Your Honor, I don't ‑‑ I don't believe that that's what the BIA stated in its opinion. And I see that I'm out of time, Your Honor. You want to reserve your remaining time. You may do so, counsel. We'll hear from the Governor. Counsel, you may proceed.  Thank you, Your Honors. My name is Kristen Maraci, appearing on behalf of the U.S. Attorney General. Your Honors, it's important to note that in this case it's not in dispute that the Petitioner was convicted under Section 288.5a for continuous sexual abuse of a minor based on his repeated sexual abuse of his stepdaughter when she was between the ages of 11 and 14 years old. The disagreement in this case was, first, although opposing counsel didn't bring up this point and it's unclear if they're still challenging this, whether or not this conviction does categorically qualify as the aggravated felony of sexual abuse of a minor. But that was brief, though. Yes, Your Honor. And it's our position certainly that under this Court's precedent and under the additional cases that were cited in the 28j letter filed earlier this week, that it's a settled issue that under the Court's ‑‑ the Court's two definitions currently for determining whether or not a crime constitutes the aggravated felony of sexual abuse of a minor, under the definition that this Court has employed for nonstatutory rape cases such as this one, that under the definition of mendia via this crime, the Petitioner's crime, continuous sexual abuse of a minor would categorically fall under that definition of sexual abuse of a minor. Under that definition, which requires, first, it must prohibit, the statute at issue must prohibit conduct that is sexual in nature. It must protect a minor, and it must require abuse. The statute at issue here that the Petitioner was convicted under required that he engaged in ‑‑ that he resided with or had recurring access to the child. In this case, it was his stepdaughter when she was 11 to 14 years old. It would require that she be under the age of 14 by statute, and that over a period of time of not less than three months, he engaged in three or more acts with her of either substantial sexual contact or lewd and lascivious behavior. And in comparing the sections of this statute to the test set forth under mendia via, certainly all three categories are fulfilled by the statute. On the first issue, clearly the statute here criminalizes sexual activity in nature. Substantial sexual contact and lewd and lascivious behavior, which has been defined at California Penal Code 288A. And this Court has held that that type of behavior under 288A is sexual in nature. And additionally, since our statute here criminalizes activity against a child of under 14 years of age, which this Court has come out and repeatedly said is per se abusive behavior, this also satisfies the abuse prong under ‑‑ I'm sorry. Yes, Your Honor. Turning to the other ‑‑ turning to the other question. Do you want to finish your argument on that? Have you finished it? I believe I was about to, Your Honor. Very well. Okay. You can go to the next question. Simply that we would argue and rest on this Court's precedent that it would categorically constitute the aggravated felony of continuous sexual abuse of a minor. So he was removable as an aggravated felon. And on the second issue, Your Honor, with regard to the Petitioner's argument, this Court does, in fact, lack jurisdiction over the Petitioner's claim that the board improperly weighed the evidence. Well, do we lack jurisdiction over whether or not they even considered rehabilitation? Wouldn't that be a violation of his due process right? Your Honor, if he had been raising a colorable constitutional claim, certainly this Court would retain jurisdiction over that issue. But in this case, he's simply trying to mask his argument and ask the Court to reweigh the evidence. In this case, the immigration judge looked at the evidence, looked at the equities that the Petitioner had. Well, what evidence is there that the BIA considered rehabilitation? Your Honor, I think in looking at the board's decision, it makes clear that it did consider the record in its entirety. In fact, on the second page of the board decision, on page 3 of the record, it begins that paragraph by clearly stating, upon review of the record, we disagree with the immigration judge. That shows that it consulted the record in reaching this decision. It goes on to say that it's a rehabilitation. It doesn't say anything about rehabilitation. It just says, you know, is it enough to say I've reviewed the record? I'm reversing the I.J. Your Honor, you're correct in that the board's decision doesn't use the specific word rehabilitation. However, absent evidence to the contrary, as this Court has held, the board is presumed to have reviewed the record in its entirety in reaching a conclusion. And does the Court agree that considering rehabilitation, if they had said, and we're not considering rehabilitation, that would be a problem? Yes, Your Honor. Yes, Your Honor. If it specifically said we're not considering rehabilitation. It is a factor to be considered, certainly, Your Honor, along with several other factors. And in the board's decision here, it does say specifically, first it indicates that given the Petitioner's grave nature of his offense against his stepdaughter and his repeated abuse of her, that the equities would have to be unusual and outstanding at minimum in this case. But is odd, and from which one would ordinarily, it seems to me, draw an inference that they didn't consider this, is that they, which was the reason for the I.J.'s decision. I mean, this is a somewhat unusual situation, because you have the I.J. making the decision on a particular basis primarily, and then you have the BIA listing a bunch of things to consider, then that is one of them. So the question is, why are we supposed to, and also making a factual error along the way. So the question is, why are we supposed to assume that they considered the one thing that, the one important thing, the one that was most important in this case, isn't there? Your Honor, it does, again, you're correct in that the word rehabilitation doesn't appear in the board's decision. But I think in reviewing the board's decision in its entirety and looking, that they say that they reviewed the record, and yes, Your Honor, you're correct that they do list other equities and show how they're balanced out by the negative factors in this case. And it does say, in looking at those, it says that they looked at the equities including these. So it's not worded in a way to suggest that that way. But it is, it seems to me that it's a somewhat special situation, because they were reviewing an I.J. decision that was on a particular basis, and they don't mention it. They just don't mention it at all. And so it's not like a case in which the I.J. had denied the relief, and then they are just affirming him. And so you can assume that they are going over everything he said. Here, he came to the opposite conclusion as to that issue, and it's just not there. And certainly, Your Honor, when the board specifically says and acknowledges that the Petitioner showed unusual and outstanding equities, certainly as they list through the other purported equities and sort of reject them on the basis that, for example, he claims to have the equity of family ties, but this is diminished by the fact that he repeatedly victimized a member of his own family. So it's not there. Sotomayor, by the way, counsel has suggested that there was a factual error. Is that true or not true? And, Your Honor, I wanted to address that as well. It does, according to the record, it did appear, and I believe that the Petitioner in their opening brief also admitted that the Petitioner did serve time in jail for his offense. According to the record of conviction, I believe there was not. That was my perception, but I need to have you confirm that. Within the administrative record, Your Honor, the sentencing documents, I believe, sentenced him to a period of incarceration of 200 to give me one moment. The Petitioner in their opening brief appears to admit that the Petitioner did serve a period of time of five months in jail. And according to the conviction records, I believe that the period of time in the sentencing document was 230 days. 230 days, okay. And the Petitioner in their The Petitioner is simply asking your Court to weigh in on this charge. Roberts. Thank you, Your Honor. Give us an explanation. You said that the BIA was in error in saying that he served as he was jailed. Was he jailed or was he not jailed? That's not what the BIA stated. The BIA stated in page 3 of the record, it reads, Respondent's length of time in the United States is diminished by the length of time he spent committing criminal acts and serving a prison sentence. Did he serve a prison sentence or not? Did not. He served. Did not. Jail and prison are two different things, Your Honor. Oh, come on. Prison. Oh, really. Your Honor, if I may. Incarceration. Let's put it that way. Then it should have read incarceration. A prison sentence is a prison sentence. That is very, very important. A layperson could make that mistake. Oh, my husband was in prison or he was in jail. And they use those interchangeably. But the BIA is not comprised of laypersons. They are persons who have to pay attention to those details. And persons who are found to be aggravated felons are the basis for finding that they're aggravated felons is their prison sentence or their jail sentence, if it's over 365 days. So that makes a big difference. And the fact that they were sloppy about this means that they were sloppy about the entire case. All right.  To summarize, Your Honor, this case is on point with Zheng Beholder. And I would submit to this Court that this Court should remand to the BIA so that they can make a full so that they can make full considerations of the record before it. Thank you. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Cowen, Berzon